IMPERIAL PRODUCTS COMPANY, INC., Respondent, *v.* CAPITOL CHEMICAL COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1918.)

Sales — payment — delivery — carriers — examination of goods — Personal Property Law, § 128.

Where a contract for the sale of goods to be shipped by a carrier contains no terms of payment, delivery and payment are concurrent acts and the buyer is not entitled to examine the goods before payment of the purchase price. (Personal Property Law, § 128.)

APPEAL by defendant from a judgment of the City Court of the city of New York entered in favor of plaintiff.

Carmody & Carswell (Francis X. Carmody, of counsel), for appellant.

Milton Mayer (Goodman Block, of counsel), for respondent.

WHITAKER, J.   This is an appeal from a judgment of the City Court entered in favor of plaintiff against the defendant after a trial before a jury.

On November 25, 1916, plaintiff purchased certain goods of the defendant to be shipped by rail from defendant's plant in Birmingham, Ala., to plaintiff at Elizabeth, N. J.

The goods were shipped to defendant at Elizabeth,

N. J., and the bill of lading forwarded to the Chase National Bank together with the invoice and sight draft for collection.

The plaintiff was notified of the arrival of the goods and that the bill of lading, etc., would be delivered to him by the Chase National Bank upon payment of the draft. Plaintiff called at the bank and was ready and willing to pay the draft and take the bill of lading provided he was allowed first to inspect the goods. This inspection was denied and plaintiff refused to pay for the goods. It now brings this action for damages, and has recovered a judgment.

The only question to be determined is as to the right of plaintiff to inspect the goods before paying for them. There being no terms in the contract of purchase as to time of payment the delivery and the payment were concurrent acts. It was a cash sale.

The plaintiff makes no point that the delivery of the bill of lading was not an actual delivery of the goods. He was willing to accept the bill of lading as a delivery of the goods.

The section of the statute in question reads as follows (Pers. Prop. Law; Consol. Laws, chap. 41):

"§ 128. *Right to examine the goods.* 1. Where goods are delivered to the buyer, which he has not previously examined, he is not deemed to have accepted them unless and until he has had a reasonable opportunity to examine them for the purpose of ascertaining whether they are in conformity with the contract.

"2. Unless otherwise agreed, when the seller tenders delivery of goods to the buyer, he is bound, on request, to afford the buyer a reasonable opportunity of examining the goods for the purpose of ascertaining whether they are in conformity with the contract.

"3. Where goods are delivered to a carrier by the seller, in accordance with an order from or agree-

ment with the buyer, upon the terms that the goods shall not be delivered by the carrier to the buyer until he has paid the price, whether such terms are indicated by marking the goods with the words ' collect on delivery,' or otherwise, the buyer is not entitled to examine the goods before payment of the price in the absence of agreement permitting such examination.''

This statute was intended to mean something. Under plaintiff's interpretation it is practically meaningless. This statute was intended to facilitate commerce and to prevent the inconvenience and delay which would be caused by examination and inspection of large cargoes of merchandise.

The absolute right to examine merchandise at the point of destination before acceptance by the consignee is given by subdivision 2 of the statute. Subdivision 3 modifies the absolute right when the merchandise is shipped by carrier. Subdivision 1 of the statute fully protects the buyer by providing that delivery shall not be deemed an acceptance when there is no previous examination. I think the defendant's case comes clearly within the terms of the statute.

The '' goods were delivered to a carrier by the seller in accordance with an order from or agreement with the buyer (plaintiff) upon the terms that the goods '' were '' not to be delivered to the buyer until he has paid the price.'' Both parties were assumed to know that under the law the goods would not be delivered until the price had been paid. It was practically the same therefore as if the order for the goods had expressly stated that the goods were not to be paid for until the price had been paid.

The word '' otherwise '' used in the statute means something. And in our opinion it covers just such a case as the present. It does not matter whether such terms are expressed or implied so long as they are

Appellate Term, First Department, May, 1918. [Vol. 103.

understood by the parties. And the parties well understood that the goods were to be paid for at delivery.

This being true, in our opinion the plaintiff was not entitled to examine the goods before payment of the price, for the reason that there is no evidence in the case of an agreement permitting such examination.

We think therefore the court, in refusing to charge as the defendant requested, erred, and that the judgment should be reversed, with costs, and complaint dismissed, with costs.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed, with costs.