IMPERIAL PRODUCTS COMPANY, INC., Appellant, *v.* CAPITOL CHEMICAL COMPANY, Respondent.

First Department, May 5, 1919.

Sale — right of buyer under subdivision 3 of section 128 of Personal Property Law to inspect goods shipped by carrier before acceptance and payment — when delivery and payment are concurrent obligations.

In order to entitle a buyer to examine goods under subdivision 3 of section 128 of the Personal Property Law the following conditions must exist: (1) Goods must be delivered to a carrier; (2) with instructions that the carrier is not to deliver the goods to the buyer until paid for; (3) this must have been done pursuant to an agreement between the buyer and seller; (4) such an arrangement may be indicated by the marking of the goods " collect on delivery " or otherwise.

This subdivision applies only to shipments by carrier when the terms of the contract of sale provide that the carrier shall collect on delivery. The controlling element is the agreement of the parties and not the method of shipment by the seller.

Where no terms of payment are specified in the agreement between the parties delivery and payment are concurrent obligations.

Where there is no provision in the agreement between the parties inconsistent with the right of inspection before acceptance and payment the seller cannot deprive the buyer of that right by adopting a method of collection not provided in the agreement.

DOWLING, J., and CLARKE, P. J., dissented, with opinion.

APPEAL by the plaintiff, Imperial Products Company, Inc., from an order and determination of the Appellate Term

of the Supreme Court in favor of the defendant, entered in the office of the clerk of the City Court of the City of New York on the 15th day of May, 1918, reversing a judgment of said City Court and dismissing the complaint.

*Goodman Block* of counsel [*Milton Mayer*, attorney], for the appellant.

*Francis X. Carmody* of counsel [*Carmody & Carswell*, attorneys], for the respondent.

PAGE, J.:

Four conditions must exist to bring a case within subdivision 3 of section 128 of the Personal Property Law (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], as added by Laws of 1911, chap. 571). (1) Goods must be delivered to a carrier; (2) with instructions that the carrier is not to deliver the goods to the buyer until paid for; (3) this must have been done pursuant to an agreement between the buyer and seller; (4) such an arrangement may be indicated by the marking of the goods " collect on delivery " or otherwise. In my opinion, this subdivision does not apply to every shipment by a carrier, but only to such shipments when the terms of the contract of sale provide that the carrier shall collect on delivery. The controlling element is the agreement of the parties, and not the method of shipment by the seller. In this case there was no agreement that the shipment should be made " collect on delivery," nor was there any agreement that the buyer would pay the purchase price by sight draft to be attached to the bill of lading. No terms of payment were specified in the agreement between the parties. Under such a contract, delivery and payment are concurrent obligations. (Pers. Prop. Law, § 123, as added by Laws of 1911, chap. 571.) This is very different from payment of the purchase price by sight draft with bill of lading attached. In the first, the buyer has the right of inspection to ascertain whether the goods are in conformity with the contract, when the seller tenders delivery, before he is required to accept and pay for the goods. In the latter, payment is a condition precedent to delivery and hence incon-

sistent with the right of inspection. (*Plumb* v. *Hallauer & Sons Co.*, 145 App. Div. 20; Pers. Prop. Law, § 128, subd. 2, as added by Laws of 1911, chap. 571.) Inasmuch as there was no provision in the agreement between the parties inconsistent with the right of inspection before acceptance and payment, the seller could not deprive the buyer of that right by adopting a method of collection not provided in the agreement. (Williston Sales, 840.)

In my opinion the judgment of the City Court was right, and the determination of the Appellate Term should be reversed, with costs in this court and the Appellate Term, and the judgment of the City Court affirmed.

SMITH and SHEARN, JJ., concurred; CLARKE, P. J., and DOWLING, J., dissented.

DOWLING, J. (dissenting):

This action was brought to recover damages for the breach of a contract whereby plaintiff agreed to purchase and accept from the defendant one car, standard quality white naphthalene flakes, in barrels or in paper lined boxes, at eight cents per pound, f. o. b. West Elizabeth, N. J., prompt shipments from defendant's plant at Birmingham, Ala. The contract is in writing and is not disputed. The question involved in this appeal is whether the purchaser, the plaintiff, had the right to inspect the goods shipped it by the defendant pursuant to this agreement of sale.

The bill of lading issued by the Pennsylvania Railroad Company for the goods in question, covering the car Rutland filled with naphthalene and routed to the plaintiff at West Elizabeth, N. J.; the invoice for said goods covering said carload aggregating 33,127 pounds at eight cents a pound — $2,650.16; and the sight draft on plaintiff for such sum of $2,650.16, were all sent to the Chase National Bank for presentation and collection, were regularly presented and demand for the payment of the draft made on plaintiff by the bank. There is no dispute as to these facts, and upon the trial plaintiff's counsel admitted that a tender of the goods had been made. Plaintiff, however, refused to take up the draft unless an opportunity was given it to inspect the goods. The plain-

tiff's counsel asked the court to charge the jury that, as a matter of law, the plaintiff had a right to inspect the merchandise before delivery. The court charged that plaintiff had the right to ask for a certificate for the inspection of the merchandise before delivery, to which exception was duly taken. The sole question for determination is whether under the contract between the parties for the purchase and sale of these goods, the purchaser had a right of inspection before paying therefor.

No terms of payment were specified in the agreement between the parties; therefore, the sale was a cash sale, where payment for goods must be made upon delivery. The shipment was by carrier, as the agreement contemplated, and the payment was to be of a sight draft against the bill of lading and invoice, which was the equivalent of cash on delivery. This case comes within subdivision 3 of section 128 of the Personal Property Law (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], as added by Laws of 1911, chap. 571), which provides as follows:

" 3. Where goods are delivered to a carrier by the seller, in accordance with an order from or agreement with the buyer, upon the terms that the goods shall not be delivered by the carrier to the buyer until he has paid the price, whether such terms are indicated by marking the goods with the words ' collect on delivery,' or otherwise, the buyer is not entitled to examine the goods before payment of the price in the absence of agreement permitting such examination." It was the agreement of the parties, as evidenced by the written contract, that the delivery should be by carrier. The law treats this sale under the agreement in question as one for cash, where the goods are not to be delivered by the carrier to the buyer until he has paid the drafts, and those terms were indicated by the fact that the buyer was to meet the sight draft before it became entitled to the invoice and bill of lading, which were its sole authority to take possession of the goods. There was no special agreement permitting an examination before acceptance. Under these conditions the provisions of the subdivision referred to are literally and completely applicable to this case and the plaintiff had no right to an inspection of the goods and the tender, therefore, was good. In Williston on Sales (p. 840) the rule is recognized

that sending goods forward with a draft attached to a bill of lading is the equivalent of sending them forward c. o. d. and both involve the loss of the buyer's right of inspection. No great hardship is worked by the rule laid down by the statute in question as it is always competent for the parties to provide for an inspection by special agreement.

It follows, therefore, that the charge of the learned trial court was incorrect and that plaintiff not having the right of inspection which it claimed, the tender made by defendant was effective and the determination of the Appellate Term reversing the judgment in favor of the plaintiff was correct. (103 Misc. Rep. 493.)

The plaintiff now contends that it should be granted a new trial and that its complaint should not have been dismissed. The record before us, however, disclosed no such contention raised in the trial court. The plaintiff stood upon its rights of inspection as a matter of law and asked the court to charge that it had such a right and the court complied therewith. There was no request for the submission to the jury of any question of fact as to any special agreement between the parties by which the right of inspection was granted, nor is it easy to see how such a contention could have been successfully made in view of the written evidence herein.

It follows that the determination of the Appellate Term should be affirmed, with costs.

CLARKE, P. J., concurred.

Determination reversed, with costs in this court and in the Appellate Term, and judgment of City Court affirmed.